IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MIKAL D. MAHDI, # 5238,<br>　　　　　　　Petitioner,<br><br>v.<br><br>BRYAN STIRLING, Commissioner,<br>South Carolina Department of<br>Corrections,<br>　　　　　　　Respondent. | C/A:_____<br><br>**MOTION FOR STAY OF EXECUTION<br>AND APPOINTMENT OF COUNSEL** |

**THIS IS A CAPITAL CASE
PETITIONER'S EXECUTION WILL BE IMMINENTLY SCHEDULED**

Petitioner, Mikal D. Mahdi, is an indigent prisoner under sentence of death imposed by the Calhoun County, South Carolina, Court of General Sessions.[1] Pursuant to *In re Stays of Execution in Capital Cases*, 471 S.E.2d 140 (S.C. 1996), Mr. Mahdi's execution will be imminently scheduled. Mr. Mahdi requests that this Court stay his imminent execution and appoint counsel to represent him in the preparation, presentation, and litigation of his first federal petition for a writ of habeas corpus. Specifically, Mr. Mahdi asks this Court to appoint E. Charles Grose, Jr., Greenwood, S.C., and Elizabeth A. Franklin-Best, Columbia, S.C., to represent him.[2] In support of this motion, Mr. Mahdi submits the following facts and argument.

**I.    Relevant procedural history.**

Mr. Mahdi was convicted of murder, burglary, and grand larceny and sentenced to death in Calhoun County, South Carolina. Jury selection was conducted between November 26 – 29,

---

[1] The Application to Proceed In Forma Pauperis will be subsequently.

[2] While the undersigned counsel represented Mr. Mahdi through the state post-conviction proceedings, the undersigned believes that there would be a potential conflict in continuing representation in the federal habeas proceedings because Mr. Mahdi is entitled to have conflict-free counsel to investigate whether state post-conviction counsel provided ineffective assistance of counsel. *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Additionally, the undersigned counsel is appointed in the Charleston County capital trial case of Dylann Roof scheduled to begin on January 17, 2017, in state court (with a preceding federal trial beginning on November 7, 2016).

1

2006. Prior to the jury being sworn, Mr. Mahdi entered pleas of guilty to the charged offenses. A sentencing hearing was conducted between December 1 and 6, 2006 before The Honorable Clifton Newman without a jury. Following that hearing, on December 8, 2006, Judge Newman issued a written sentencing order and sentenced Mr. Mahdi to death for murder, 15 years for burglary, and 10 years for grand larceny.

Mr. Mahdi timely appealed his conviction and sentence, and the South Carolina Supreme Court affirmed on June 15, 2009. *Mahdi v. State*, 678 S.E.2d 807 (S.C. 2009). Mr. Mahdi then filed a *pro se* application for post-conviction relief on August 18, 2009. The Honorable Doyet A. Early, III, was assigned exclusive jurisdiction of the case and, on August 24, 2009, appointed Teresa L. Norris and Robert E. Lominack to represent Mr. Mahdi.

The PCR application was amended several times with the assistance of counsel. An evidentiary hearing was held on March 9 to 11, 2011, and on December 18, 2012, Judge Early issued an Order of Dismissal, filed January 8, 2013, denying and dismissing the allegations of the Final Amended Application with prejudice. On January 28, 2013, Mahdi filed a notice of appeal.

The State subsequently filed a Rule 59(e), SCRCP, Motion to Alter or Amend one of the findings in the Order of Dismissal.[3] Judge Early heard arguments on the State's Rule 59 Motion on February 11, 2013. On August 18, 2014, Judge Early granted the State's Rule 59 Motion and entered an Amended Order of Dismissal, filed August 20, 2014, denying and dismissing the allegations of the Final Application with prejudice. On August 27, 2014, Mr. Mahdi filed a Rule 59(e), SCRCP, Motion to Alter or Amend the Judgment. Judge Early denied the Rule 59 Motion on September 9, 2014.

---

[3] The State also filed a Motion to Stay the appeal and remand to the circuit court for a ruling on the State's Rule 59(e), SCRCP, Motion. On March 4, 2013, the South Carolina Supreme Court dismissed Mahdi's notice of appeal without prejudice.

A Notice of Appeal was timely filed in the South Carolina Supreme Court on October 8, 2014. Mr. Mahdi timely filed a petition for writ of certiorari to the South Carolina Supreme Court, which was denied on September 8, 2016.

Pursuant to 28 U.S.C. § 2244(d), Mr. Mahdi must file his federal habeas petition on or before September 8, 2017.[4]

## II. The Court must appoint counsel to represent Mr. Mahdi in his first federal habeas corpus proceeding.

Pursuant to 18 U.S.C. § 3599, indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" in order to pursue federal habeas corpus remedies. The right to counsel conferred by § 3599 attaches prior to the filing of a prisoner's habeas petition. As the Supreme Court has explained, absent this pre-petition right to counsel, condemned prisoners would not have meaningful access to the remedy of habeas corpus:

> Congress' provision of a right to counsel under § 848(q)(4)(B)[now § 3599] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland v. Scott*, 512 U.S. 849, 855-856 (1994) (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

---

[4] No time elapsed between the date on which the judgment became final on direct review with the expiration of the time to file a petition for writ of certiorari in the U.S. Supreme Court on September 13, 2009, and the earlier filing of the application for post-conviction relief on August 18, 2009, which tolled the time for filing in this Court. *See* 28 U.S.C. § 2244(d)(1)(a) ("The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Mr. Mahdi's limitations period began to run following the South Carolina Supreme Court's September 8, 2016, denial of his petition for writ of certiorari. With the entire 1-year period of limitation, Mr. Mahdi has until September 8, 2017, to file his federal habeas corpus petition.

In construing § 3599 to require appointment of counsel prior to the filing of the petition, the Supreme Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need. Since these services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed prior to the filing of the habeas petition. *McFarland*, 512 U.S. at 855. It is thus plain that the right to counsel conferred by § 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief, including the record-based claims already raised in the state trial and appeal proceedings, as well as the claims not raised in those proceedings because they are derived from non-record facts which require access to investigative and expert resources.

The appointment provision of 18 U.S.C. § 3599 requires appointment of at least one attorney who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. § 3599(b). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of litigation." § 3599(d).

Petitioner requests that this Court appoint E. Charles Grose, Jr. Mr. Grose received a B.A. from Furman University (1989) and a J.D. from the University of South Carolina School of Law (1992). He was admitted to practice law in South Carolina on May 17, 1993 and the United States District Court for South Carolina on February 23, 1994. He is also admitted to practice in the Fourth Circuit Court of Appeals and the United States Supreme Court. From 1993-1996, he

was an Associate Attorney with Grimball & Cabanis P.A. in Charleston South Carolina. In 1996, he became an Assistant Public Defender in Orangeburg County, South Carolina. When he left that office in 1999, he was the Deputy Public Defender. From 1999-2008, he was the Chief Public Defender for Greenwood and Abbeville Counties, South Carolina. Upon implementation of the Indigent Defense Act of 2007, he was appointed the Circuit Public Defender for the Eighth Judicial Circuit (Abbeville, Greenwood, Laurens, and Newberry Counties), serving a term from August 2008 to August 2012. He is currently a sole practitioner in Greenwood, South Carolina. Throughout his career Mr. Grose has tried numerous felony cases.

Mr. Grose has extensive capital experience. He is certified by the South Carolina Supreme Court to be lead counsel in capital cases and is approved as first chair on the CJA Death Penalty Attorney List for the United States District Court for the District of South Carolina. His capital trial court experience includes: *State v. Bennie Ray Brown*, Laurens County Warrant Numbers I-556766-67, J-619971-77, who was found to suffer from Intellectual Disabilities pursuant to *Atkins v. Virginia,* 536 U.S. 304 (2002); *State v. Bixby*, Abbeville County Case Numbers 2004-GS-01-321, 322 and *State v. Bixby*, 388 S.C. 528, 698 S.E.2d 572 (2010) as trial and appellate counsel; *State v. Steven A. Tinch*, Abbeville County Case Number 2006-GS-01-417, 419, which resulted in a guilty plea and a forty-five year sentence; *State v. Domonique O. Brown*, Laurens County Case Number 2007-GS-30-220, which resulted in a guilty plea and a thirty-year sentence; *State v. Anthony A. Myers*, Greenwood County Case Number 2000-GS-24-1170, which resulted in a guilty plea and sentence of life imprisonment without the possibility of parole; *State v. Barry L. Ervin*, Greenwood County Case Number 1998-GS-24-1770, which resulted in a guilty plea and sentence of life imprisonment without the possibility of parole. Mr. Grose represented John Kennedy Hughey in his capital post-conviction relief case, subsequent

appeals, and resentencing to life imprisonment. *Hughey v. State*, Abbeville County Case No. 1996-GS-01-220 and 2000-CP-01-210 and *Hughey v. State,* (S.C.S.Ct. Op. No. 2015-UP-029) (Filed May 13, 2015) *cert. denied South Carolina v. Hughey,* 136 S.Ct. 1659 (2016). Mr. Grose is currently counsel in *William O. Dickerson, Jr. v. State*, Charleston County Cases Number 2012-CP-10-3216 and *Jerry Buck Inman v. State*, Pickens County Case Number 2012-CP-39-00918. He is counsel in *Donald Jones v. State*, Lancaster County Case No. 2001-CP-29-1030, an intellectual disability and competency to be executed proceeding. Mr. Grose is *habeas* counsel in *Stephen Corey Bryant v. Sterling et. al.*, Case No. 9:15-mc-00217-DCN-BM, which is stayed pending a state court determination of Intellectual Disabilities pursuant to *Atkins* in *Bryant v. State,* Sumter County Case No. 2016-CP-43-828.

Mr. Grose has received significant death penalty training, including but not limited to federal habeas training, through the Annual National Federal Habeas Corpus Seminar, (2015, 2014, 2013, and 2011); NAACP Legal Defense & Educational Fund, Inc.'s Annual Capital Punishment Training Conference, Airlie Conference Center, Warrenton, VA (2012, 2010, and 2005); and Capital Case Initiative, sponsored by South Carolina Commission on Indigent Defense (2013, 2012, 2011, and 2010).[5]

Mr. Mahdi also requests that this Court appoint Elizabeth A. Franklin-Best. Ms. Franklin-Best graduated from the University of Wyoming College of Law in 2001. She is a member of the New York and South Carolina State bars. She is also admitted to practice in the District Court of South Carolina, the Fourth and Eleventh Circuit Courts of Appeal, and the

---

[5] Additionally, Mr. Grose is a Past Chair of the Board of Directors of Justice 360, which was formerly known as the Death Penalty Resource & Defense Center and the Center for Capital Litigation, and was designated by this Court as a Community Defender Organization authorized to provide representation, assistance, information and other matters related to federal death penalty *habeas corpus* cases. *See In re: Amendments to the Plan on the United States District Court for the District of South Carolina for Implementing the Criminal Justice Act*, filed May 25, 2010.

United States Supreme Court. Prior to her current employment, Ms. Franklin-Best worked at the Richland County Public Defender's Office representing clients charged with major felonies, including murder. She then spent 5 years as an appellate defender with the South Carolina Commission on Indigent Defense, Appellate Division. There she worked on numerous capital appeals including *State v. Steven Barnes*, 407 S.C. 27, 753 S.E.2d 545 (2014), *State v. Norman Starnes*, 588 S.C. 590, 698 S.E.2d 604 (2010), *Angel Vazquez v. State*, 388 S.C. 447, 698 S.E.2d 561 (2010), and *State v. Louis Winkler*, 388 S.C. 574, 698 S.E.2d 596 (2010). Ms. Franklin-Best has represented capital clients in almost every stage of litigation including federal habeas. She is currently representing the following capital petitioners in federal habeas proceedings in the United States Court of Appeals for the Fourth Circuit: *John Wood v. Byars*, 0:12-cv-3532, *Gary Terry v. Byars*, 4:12-cv-1798, *Bayan Aleksey v. Stirling*, 5:14-cv-3016, and *James Nathaniel Bryant III v. Stirling*, 1:13-cv-2665. Ms. Franklin-Best is serving as *Martinez* counsel for Mr. Bryant. She is also representing a death sentenced inmate in his federal habeas proceeding in the United States District Court for the Southern District of Mississippi. *Moffett v. Epps*, 3:14-cv-00639. In addition, Ms. Franklin-Best has represented the following capital defendants in state post-conviction relief proceedings: *Quincy Jovan Allen*, 2010-CP-40-3644 and *William Oliver Dickerson, Jr.*, 2012-CP-10-3216. Ms. Franklin-Best has also remained current on capital CLE's, having attended the past three Annual National Habeas Corpus Seminars sponsored by The Habeas Assistance and Training Counsel (HAT) and Defender Services Office Training Division of the Administrative Office of the United States Courts (AO).

On September 23, 2016, Ms. Franklin-Best met with Mr. Mahdi at the request of the undersigned counsel. Mr. Mahdi indicated that he desires to pursue federal habeas relief and

requests Mr. Grose and Ms. Franklin-Best be appointed to represent him in the federal court proceedings.

### III.   This Court Should Stay Petitioner's Execution During the Pendency of his Habeas Proceeding.

Section 2251 of the Judicial Code expressly gives federal judges the power to stay the execution of death sentenced inmates whose habeas corpus proceedings are pending before the judge's court or a lower federal court.  See U.S.C. § 2251 (2000) ("A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding").  See *McFarland v. Scott*, 512 U.S. 849, 858 (1994) ("Because § 2251 expressly authorizes federal courts to stay state court proceedings 'for any matter involved in the habeas corpus proceeding,' the exercise of this authority is not barred by the Anti-Injunction Act," 28 U.SC. § 2283).  A stay of execution is appropriate in this case because Petitioner's federal habeas petition is due on September 8, 2017 and counsel will be diligently working to prepare his petition for this Court's review.

**IV.     Conclusion.**

Wherefore, for the foregoing reasons, this Court should enter an order staying Petitioner's imminent execution, and appointing E. Charles Grose, Jr. and Elizabeth A. Franklin-Best to represent Mr. Mahdi in the preparation and filing of a timely petition for habeas relief.

Respectfully submitted,

*/s/Teresa L. Norris*
Teresa L. Norris
Blume Norris & Franklin-Best, LLC
Federal ID #6447
900 Elmwood Avenue, Ste. 200
Columbia, South Carolina 29201
(803) 765-1044
teresa@blumelaw.com

9

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| MIKAL D. MAHDI, 5238, | ) | C/A:_____ |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| BRYAN STIRLING, Commissioner, | ) | |
| South Carolina Department of | ) | |
| Corrections, | ) | |
| Respondent. | ) | |
| _____ | ) | |

    I hereby certify that I have emailed a copy of this motion to Anthony Mabry of the Attorney General's Office on September 26, 2016, and will mail a copy of this motion to him the same date.

                                                Respectfully submitted,

                                               */s/Teresa L. Norris*
                                               Teresa L. Norris
                                               Blume Norris & Franklin-Best, LLC
                                               Federal ID #6447
                                               900 Elmwood Avenue, Ste. 200
                                               Columbia, South Carolina 29201
                                               (803) 765-1044
                                               teresa@blumelaw.com