IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mikal D. Mahdi,<br><br>                Petitioner,<br><br>vs.<br><br>Bryan Stirling, Commissioner,<br>South Carolina Department of<br>Corrections,<br><br>                Respondent. | C/A No. 8:16-3911-TMC-JDA<br><br>**ORDER** |

Petitioner Mikal D. Mahdi, a state prisoner sentenced to death, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to stay these habeas proceedings pending exhaustion of state court remedies. (ECF No. 78). The motion was automatically referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c). On October 3, 2017, the magistrate judge filed a Report and Recommendation ("Report") recommending that the motion for a stay be denied. (ECF No. 83). This matter is before the court for review of that Report. Petitioner timely filed objections to the Report (ECF No. 84), and Respondent has filed a response to those objections (ECF No. 89).

**I. Standard of Review**

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the

court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II. Background

In November 2006, Petitioner pled guilty to murder, second degree burglary, and grand larceny. Finding two statutory aggravating circumstances, Judge Clifton Newman sentenced Petitioner to death for the murder. He also sentenced Petitioner to fifteen years imprisonment for the burglary and ten years imprisonment for the larceny, to run consecutively. Petitioner unsuccessfully pursued a direct appeal and post-conviction relief ("PCR") in state court. He filed the instant action for habeas relief on September 26, 2016, when he filed a motion for a stay of execution and for the appointment of counsel. He filed a placeholder petition for a writ of habeas relief on February 9, 2017, and an amended petition for habeas relief on September 7, 2017. On September 7, 2017, Petitioner also filed this motion to stay while he pursues a second PCR action in state court which was filed on January 10, 2017. The state PCR court recently dismissed Petitioner's second PCR application, and denied his motion for reconsideration. Petitioner sought a writ of certiorari from the South Carolina Supreme Court, and at this time, that petition remains pending.

## III. Discussion

In his motion, Petitioner contends that his Amended Petition for habeas relief is a mixed petition, and pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), this action should be stayed to allow him time to exhaust his state remedies. Respondent opposes the motion for a stay arguing

2

that Petitioner cannot met the requirements for a stay under *Rhines*. The magistrate judge recommends that the court deny the motion, and Petitioner has filed objections.

In *Rhines*, the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. 544 U.S. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *Id.* Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. *Id.* Pursuant to *Rhines*, a petitioner must satisfy three requirements to justify a stay. *Id.* at 277-78. A stay should be granted where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, the magistrate judge recommends the court deny the motion to stay because Petitioner has not demonstrated good cause for failure to exhaust his claims, and his second PCR was without merit because it is successive and time-barred. In his objections, Petitioner contends that the magistrate judge misapprehended the legal standard and evidence.

**A. Good Cause**

Petitioner argues that while good cause has not been defined, "the requirement is not a particularly demanding one." (Pet'r's Mot. to Stay at 4; Objections at 2). Petitioner asserts ineffective assistance of counsel can satisfy the good cause requirement relying on *Blake v. Baker*, 745 F.3d 977, 981-82 (9th Cir. 2014). (Objections at 3). In *Blake*, the Ninth Circuit acknowledged "a bald assertion [of ineffective assistance of counsel] cannot amount to a showing of good cause," and it found good cause existed because the petitioner "supported his

3

good cause argument with evidence of his abusive upbringing and history of mental illness, compiled by his federal post-conviction counsel." 745 F.3d at 982. Here, Petitioner contends that the magistrate judge erred in finding that his allegations of ineffective assistance of counsel did not provide good cause. Specifically, he contends that the magistrate judge erred by focusing only on the information set forth in the motion and ignoring his Amended Petition and his references to the Amended Petition. *Id.* Petitioner is seeking PCR in state court on Claims III and VI as set forth in his Amended Petition at ¶ 11 (a) and (b), and he is also seeking a belated review, pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 2002), of three claims which he contends he raised in his first PCR, but that his PCR counsel did not raise in his appeal of the denial of PCR. (Pet'r's Mot. to Stay at 2).

Petitioner contends that he could not have brought at least one of the issues in his first PCR because it is based on a 2016 United States Supreme court case, *Hurst v. Florida*, 136 S.Ct. 616 (2016), which he contends is retroactive. In *Hurst*, 136 S. Ct. 616, the Supreme Court held that Florida's capital sentencing scheme violated *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under the Florida scheme, a jury makes an advisory verdict while the judge makes the ultimate factual determinations necessary to sentence a defendant to death. *Id.* at 621-22. The Court held that this procedure was invalid because it "does not require the jury to make the critical findings necessary to impose the death penalty." *Id.* at 622. The holding in *Hurst* was not a significant change in the law as the Supreme Court simply applied prior precedent, its holdings in *Ring* and *Apprendi*, to Florida's capital sentencing statutes. The Court has held that "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004), and in *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), the Fourth Circuit held

4

that the rule announced in *Apprendi* is not retroactively applicable to cases on collateral review. Moreover, the holding in *Hurst* does not apply retroactively because the Supreme Court has not declared it is to be applied retoractively. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (holding that a "new rule of constitutional law" is "made retroactive to cases on collateral review by the Supreme Court" only if the Supreme Court holds as much).

As to the claims which PCR appellate counsel failed to appeal, the court finds Petitioner has not alleged good cause for failing to exhaust these claims first in state court. *See Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1320 (2012) (finding that attorney error during appeals from initial-review collateral proceedings does not constitute good cause for failure to exhaust initial collateral review claims). Moreover, the South Carolina Supreme Court has recently held that the ineffective assistance of PCR appellate counsel does not entitle a state prisoner to a second PCR action in South Carolina. *Robertson v. State*, 795 S.E.2d 29 (S.C. 2016).

The court finds the good cause requirement of *Rhines* has not been sufficiently satisfied at this time to warrant a stay while Petitioner pursues his state PCR claims. Moreover, even if a Petitioner had good cause for that failure, a district court abuses its discretion if grants a stay when unexhausted claims are plainly meritless. *Rhines*, 544 U.S. at 277. As discussed below, the court finds the claims are plainly meritless.

### B. Merits

Petitioner contends that the magistrate judge erred in finding that the claims in his second PCR are plainly meritless. Petitioner contends that the magistrate judge relied solely on the dismissal of the second PCR application.

The magistrate judge concluded she could not find any potential merit in Petitioner's state habeas action in light of the fact that the PCR court has already found the application to be

both successive and time-barred. (Report at 5). Petitioner contends that his claims are not plainly meritless and he states that his Amended Petition contains detailed factual and legal allegations supporting each of his claims which demonstrates that they are not plainly meritless. However, Petitioner does not address the magistrate judge's conclusion that his claims are meritless because his PCR application was recently determined by the PCR court to be successive and time-barred.

South Carolina allows a second or subsequent PCR application only in limited circumstances. See S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991) (holding that an allegation that prior PCR counsel was ineffective is not per se a sufficient reason allowing for a successive PCR application). And successive PCR cases are disfavored. *Aice,* 409 S.E.2d at 392 (successive application can be considered if "sufficient reason" why the new grounds were not raised before). Petitioner alleges he is entitled to review of the denial of his successive PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). "Under *Austin*, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." *Odom v. State*, 523 S.E.2d 753, 755 (S.C. 1999).

"A PCR applicant is entitled to an *Austin* appeal if the PCR [court] affirmatively finds either[ ](1) the applicant requested and was denied an opportunity to seek appellate review[,] or (2) the right to appellate review of a previous PCR order was not knowingly and intelligently waived." *Odom*, 523 S.E.2d at 756. Petitioner has to overcome significant procedural hurdles for obtaining actual review by the South Carolina Supreme Court.

6

> [T]he South Carolina Supreme Court is generally reluctant to consider successive PCR applications, and will do so only if it was not possible for the applicant to raise the issue in his first application. *See Aice v. State*, 305 S.C. 448, 409 S.E.2d 392, 394 (1991). The South Carolina Supreme Court has allowed successive PCR applications in only three circumstances: when the initial application was filed without the assistance of counsel, *see Case v. State*, 277 S.C. 474, 289 S.E.2d 413, 413-14 (1982) (per curiam); when PCR counsel was the same as trial counsel, *see Carter v. State*, 293 S.C. 528, 362 S.E.2d 20, 21 (1987); and when procedural irregularities were so egregious as to result in a denial of due process, *see Washington v. State*, 324 S.C. 232, 478 S.E.2d 833, 835 (1996). The mere fact that PCR counsel was ineffective is not sufficient grounds for a successive PCR application. See *Aice*, 409 S.E.2d at 394.

*Ivey v. Catoe*, 36 Fed.App'x 718, 730 (4th Cir. 2002). With this in mind, and after reviewing Petitioner's claims, the court concludes Petitioner has not shown his unexhausted claims are potentially meritorious.

Petitioner also contends that the magistrate judge's order has the effect of depriving him of numerous claims and "can be fairly construed as a final order on the merits of those claims, which may give rise to the right to appeal." (Objections at 5 & n.3).[1] Although there may be a remote possibility that the state court will review the claims on the merits in a successive PCR application, even if the PCR court ultimately reviews the claims on the merits, any ruling of this court that the claims raised in this habeas petition are without merit would not preclude the state PCR court from reaching a contrary conclusion and granting relief. *See Ivey v. Catoe*, 36 Fed.App'x at 734.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277 (citations omitted). Should there be developments in Petitioner's pending state habeas action that warrant reconsideration of a stay in this federal action, the parties may bring such information to the court's attention. At this time, however, the court will deny Petitioner's motion to stay without prejudice to refiling should circumstances change.

## IV. Conclusion

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 83) and incorporates it herein. Therefore, Petitioner's Motion to Stay (ECF No. 78) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

s/Timothy M. Cain  
United States District Judge

December 5, 2017  
Anderson, South Carolina